**WHELAN et al. v. RILEY, Assessor and Collector of Taxes.**

**No. 14306.**

United States Court of Appeals
Fifth Circuit.

June 30, 1953.

Rehearing Denied Aug. 3, 1953.

John E. Taylor, Marshall, Tex., Morton Taylor, Sinton, Tex., for appellant.

C. M. Turlington, Marshall, Tex., Shirley W. Peters, Dallas, Tex., for appellee.

Before HOLMES, BORAH, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This is an action by two individuals against an assessor and collector of taxes of Harrison County, Texas, complaining about the plan of tax assessment, conducted by the defendant during his long and uninterrupted tenure of the office held by him, which plan, among other things, is alleged to be in violation of the 14th Amendment of the Constitution of the United States. No federal jurisdiction is asserted on the ground of diversity of citizenship; the sole jurisdictional claim is that a federal question is presented by the record, the determination of which will decide a controversy between the parties involving more than three thousand dollars exclusive of interest and costs.

In their brief, page 2, the "appellants predicate this appeal upon the single ground that their complaint alleged a cause of action arising under the Constitution of the United States and that jurisdiction to determine this cause is conferred upon the district court by 28 U.S.C. 1331." The appellants say nothing about the jurisdictional amount required by said Section 1331 being involved, nor does it appear in the record that such amount is involved in any controversy between the parties. Millions may be involved in a controversy between appellee and some persons not parties to the suit; but in what amount the appellants will be affected by the result of this suit is not clearly alleged.

In their brief, in response to hypothetical questions as to what tax is restrained, what assessment is restrained, what levy is restrained, what collection is restrained, the appellants say: "The answer is plain; the only thing which is sought to be restrained is a 'system' and only so far as such system violates the statutes of Texas. All lawful acts of the appellee are left untouched by the relief sought."

In addition to the absence of the requisite jurisdictional amount, we think a definite federal question, integrated in the

record on which the decision of the case would turn for one side or the other, is also lacking. Therefore, the judgment appealed from is affirmed.

Affirmed.